UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE TREMBLE III,

          Petitioner,

   v.

RON HAYNES,

          Respondent.

CASE NO. 3:19-CV-05661-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: August 23, 2019

The District Court has referred this action to United States Magistrate Judge David W. Christel. On July 19, 2019, Petitioner Eugene Tremble, III filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2011 Pierce County conviction for assault in the first degree. Dkt. 1. On July 31, 2019, Petitioner filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 4. After review of the Court's records, the Court concludes this Petition is second or successive and recommends the Petition be dismissed without prejudice.

**I. Background**

In 2011, Petitioner was convicted in the Pierce County Superior Court of one count of first degree assault. Dkt. 1-1. In 2015, Petitioner filed a habeas petition ("First Petition") in this

1  Court seeking relief from the 2011 state conviction. *See Tremble v. Gilbert*, 3:15-cv-5841-RJB-
2  DWC. In the First Petition, Petitioner alleged his trial counsel provided ineffective assistance, his
3  rights under the Confrontation Clause were violated, the state failed to provide sufficient
4  evidence to convict him, and the trial was not fair because of jury instruction errors and
5  evidentiary errors. *Id*. The court considered the First Petition on the merits, denied the First
6  Petition, and dismissed that case with prejudice. *Id*.

7  Petitioner now files this Petition ("Second Petition") alleging the sentence imposed in
8  2011 violated his Sixth Amendment rights. Dkt. 1-1.

9  **II. Discussion**

10  The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a
11  gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one
12  of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies
13  only to petitions adjudicated and denied on the merits in the previous federal habeas corpus
14  proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v.*
15  *Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district
16  court either considers and rejects the claims or determines that the underlying claim will not be
17  considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing
18  *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). The Ninth Circuit also states "[a] habeas
19  petition is second or successive only if it raises claims that were or could have been adjudicated
20  on the merits." *McNabb*, 576 F.3d at 1029.

21  Petitioner filed his First Petition challenging the same 2011 Pierce County conviction
22  challenged in the Second Petition. The court denied the First Petition "on the merits," finding
23  Petitioner had withdrawn several grounds and concluding the state court's conclusion regarding
24

1  the remaining grounds was not contrary to, or an unreasonable application of, clearly established
2  federal law. *See Tremble v. Gilbert*, 3:15-cv-5841-RJB-DWC. Further, in the Second Petition,
3  Petitioner alleges the state court imposed a sentence in 2011 that violated the Sixth Amendment.
4  Dkt. 1. Petitioner was or could have been aware of the factual predicate of this claim when his
5  conviction became final and could have raised this claim in his First Petition. The claim,
6  therefore, could have been adjudicated on the merits in the First Petition. *See Cooper v.*
7  *Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive"
8  when the petitioner was aware of the factual predicate of the claim and could have raised the
9  claim in his first petition).

10  As Petitioner's First Petition was denied on the merits and Petitioner was or could have
11  been aware of the claim asserted in the Second Petition prior to filing the First Petition, the
12  Second Petition is "second or successive."

13  Before a petitioner is allowed to file a second or successive petition, he must obtain an
14  order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.
15  § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States
16  District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.
17  2008). A district court lacks jurisdiction to consider a second or successive petition in the
18  absence of an order from the Ninth Circuit authorizing the district court to consider the petition.
19  *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157
20  (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit
21  authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to
22  consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561
23  U.S. at 331; *Cooper*, 274 F.3d at 1274.
24

### III. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

### IV. Conclusion

For the above stated reasons, the Court recommends the Second Petition (Dkt. 1-1) be dismissed without prejudice and the certificate of appealability be denied. The Court also recommends Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 4) be denied.

If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

1  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

2  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

3  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 23,

4  2019, as noted in the caption.

     Dated this 7th day of August, 2019.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge